```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :         CRIMINAL ACTION
                                :
          v.                    :
                                :
YUJIE DING, et al.              :         NO. 15-35
```

                              MEMORANDUM

Bartle, J.                                            July 8, 2015

      Defendants Yujie Ding ("Ding") and his wife, Yuliya Zotova ("Zotova"), have been indicted on ten counts of wire fraud arising out of an alleged scheme to defraud the U.S. National Aeronautics and Space Administration ("NASA"). According to the indictment, Ding and Zotova ran a sole proprietorship called ArkLight, which they used to obtain two research contracts from NASA.  The first contract purportedly had a condition that ArkLight was not to subcontract more than one third of the contemplated research, while the second contract limited any subcontracts to one half of the labor. These conditions were required as part of the statutory program under which the contracts were issued.  Contrary to the conditions, Ding and Zotova allegedly subcontracted with Lehigh University ("Lehigh"), Ding's employer, through ArkLight to perform all of the research.  They then kept most of the research funds for themselves.  According to the Government,

Ding furthered this scheme to defraud NASA in part by concealing from Lehigh his relationships to Zotova and ArkLight.

Before the court is the motion of Ding to strike paragraphs 37-39 of the indictment which concern these alleged misrepresentations to Lehigh.  Ding also seeks to preclude the admission of any evidence at trial related to these acts of concealment.  Zotova joins the motion.

Rule 7(d) of the Federal Rules of Criminal Procedure provides:  "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information."  Such a motion may be granted when the contested material is "both irrelevant (or immaterial) and prejudicial."  United States v. Hedgepeth, 434 F.3d 609, 613 (3d Cir. 2006).  This is an "exacting standard."  United States v. Alsugair, 256 F. Supp. 2d 306, 317 (D.N.J. 2003).

In the matter before us, Ding contends that any alleged concealment of information from Lehigh is irrelevant to any effort to defraud NASA because the university was not the target of the scheme to defraud.  The Government responds that Ding's scheme consisted of positioning his company, ArkLight, as a middle man between NASA and Lehigh, obtaining research contracts from the former and farming out all of the work to the latter while concealing material information from both organizations.  According to the Government, Ding's alleged

-2-

actions to prevent Lehigh from learning of his interest in ArkLight are integral to the overall scheme to defraud NASA and are thus clearly relevant.

We agree with the Government. The alleged scheme to defraud rested on two necessary and independent pillars. First, as charged, Ding and Zotova, through ArkLight, obtained two research contracts from NASA in part by falsely promising that they would themselves perform at least two thirds of the research for the first contract and one half of the research for the second contract. Then, according to the Government, Ding concealed his conflict of interest from Lehigh, making it more likely that ArkLight would obtain the subcontracts which it sought from the university and which were crucial to the overall plan.

As alleged, Ding's deception of Lehigh was done in furtherance of the overall scheme to defraud NASA and is clearly relevant. It will not be stricken from the indictment. See Hedgepeth, 434 F.3d at 613; see also Fed. R. Evid. 401. While Ding challenges the merit of the Government's line of reasoning that any conflict of interest would have had an effect on Lehigh's willingness to enter into research contracts, the strength or weakness of the Government's position is for the jury to decide at trial.

Ding's ultimate concern is that the alleged target of the misrepresentation, Lehigh, is not also the defrauded victim. That is, Ding objects that the concealment and the fraud did not "converge" against one party, and so any statements or omissions to Lehigh are not relevant.  See United States v. Bryant, 655 F.3d 232, 249 (3d Cir. 2011).  Some courts have determined that the entity deceived must also be the entity that has lost property to make out a fraud.  See, e.g., United States v. Keane, 678 F. Supp. 708, 711 (N.D. Ill. 1987).

Our Court of Appeals has held, however, that convergence is immaterial when a fraud consists of deceptions aimed at a third party and independent misrepresentations directed at the defrauded party.[1]  Id. at 250; U.S. v. Olatunji, 872 F.2d 1161, 1169 (3d Cir. 1989).  Here the indictment states that Ding made false representations to NASA, the defrauded party, and also to Lehigh, the third party, in furtherance of a single scheme.  Thus, any lack of convergence is of no moment. Ding's motion, joined by Zotova, will be denied to the extent it seeks to strike portions of the indictment.

Ding also maintains that any evidence of his purported misrepresentations to Lehigh must be excluded because its unfair prejudicial effect would substantially outweigh its probative

---

[1] The court has yet to decide whether convergence is necessary under the wire fraud statute in other circumstances.  Id. at 250.

value.  See Fed. R. Evid. 403.  As explained above, in the Government's formulation, the deceit of Lehigh with which Ding is charged forms an important component of the defendants' overall criminal plan.  However, in the absence of any particular evidence being offered for the jury's consideration and without the specific context in which it will be offered, the court is unable to say at this early stage whether the unfair prejudice of any evidence will substantially outweigh its probative value as a part of the alleged scheme to defraud NASA.

The motion of Ding, joined by Zotova, to preclude evidence will therefore be denied without prejudice.  The defendants may renew any challenge under Rule 403 to specific items of evidence at the time of the trial.